# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHN EDMUND SCHNEIDER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV407-142 |
| JEFF HINE, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On October 3, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case is therefore ready to proceed.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern

civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 28 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Plaintiff, who is incarcerated in the Liberty County Jail, alleges that Detective Jeff Hine manufactured a charge of aggravated stalking against him. Doc. 1 Addendum. While the exact nature of plaintiff's claim is difficult to decipher, it appears that he is asserting a claim for malicious prosecution. Id. Plaintiff asks the Court to relieve Hine of his duties as

an officer of the law, dismiss the pending criminal charges, award plaintiff $250,000 in damages, imprison Hine for five years, and notify Hine that plaintiff seeks these remedies from the Court.[1] Id. at 6.

The claim arises from plaintiff's relationship troubles with Brenda Wiggins. Doc. 1 Addendum. Plaintiff alleges that while he was in an intimate relationship with Ms. Wiggins, they had an argument that led her to seek a restraining order against him. Id. Plaintiff was apparently already in custody when the restraining order was granted on March 5, 2007. Id. He indicates that he was held in the Liberty County jail for criminal charges related to his dispute with Ms. Wiggins. Id. In spite of the restraining order, plaintiff allegedly sent Ms. Wiggins several letters in early March, but she never responded. Id. Plaintiff called her shortly thereafter. Id. During the phone conversation, she allegedly consented to future communication with plaintiff.[2] Id. Plaintiff alleges that Detective

---

[1] Several of plaintiff's requests for relief are in excess of the Court's authority in a § 1983 case. The Court cannot relieve Detective Hine of his duty as on officer of the law, dismiss plaintiff's state criminal warrants, or put Jeff Hine in prison for five years.

[2] Plaintiff claims that Ms. Wiggins consented to his contact after the phone call. His complaint does not indicate that she ever consented to the letters he had already mailed to her. As this claim has not yet accrued, there is no reason to determine if her consent applied to the earlier letters.

Hine "sensed" that plaintiff would attempt to contact Ms. Wiggins. Id. Hine went to her home to investigate, and he allegedly pressured Mrs. Wiggins into giving him the letters. Id. He then allegedly convinced her to deny that she had ever given plaintiff consent to contact her. Id.

The "tort of malicious prosecution . . . remedies . . . [the] *wrongful institution* of legal process." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007). Plaintiff appears to be contesting Detective Hine's alleged wrongful institution of legal process against him. The torts of false imprisonment and arrest remedy similar injuries. They arise, however, from "detention *without legal process*" and they "end[] once the victim becomes held *pursuant to such process* ." Id. at 1095. Plaintiff does not allege that he was arrested or imprisoned without legal process. Accordingly, the "common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here." Heck v. Humphrey, 512 U.S. 477, 484 (1994).

Though the Supreme Court has never explicitly recognized a § 1983 claim for malicious prosecution, Wallace, 127 S. Ct. at 296 n.2, the

Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003). The constitutional tort of malicious prosecution does not accrue until the underlying criminal prosecution is terminated in plaintiff's favor. Id. at 882. Plaintiff has not shown that the criminal prosecution has terminated in his favor. Indeed, he concedes that he is presently held as a pretrial detainee on charges still pending in the state court. Accordingly, this claim should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 26TH day of October 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA